UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SONIA LOPEZ-MCNEAR, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) Case No. |
| v. | ) ) ) |
| SUPERIOR HEALTH LINENS, LLC, a Wisconsin limited liability company, | ) ) ) |
| Defendant, | ) ) |
| and, | ) ) ) |
| AUTOMATIC DATA PROCESSING, INC., a Delaware corporation, | ) ) ) |
| Respondent in Discovery. | ) |

**NOTICE OF REMOVAL**

Defendant Superior Health Linens, LLC ("Superior"), by and through its attorneys, Michael D. Hayes and Anne M. Mayette of Husch Blackwell LLP, and pursuant to 28 U.S.C. §§1332(a), 1332(d), 1441, and 1446, hereby removes this action from the Circuit Court of Cook County, State of Illinois to the United States District Court for the Northern District of Illinois. In support thereof, Superior states as follows:

**I.     PLAINTIFF'S CLAIM AND RELIEF SOUGHT**

1.     On February 28, 2019, Plaintiff Sonia Lopez-McNear commenced this action against Superior in the Circuit Court of Cook County, Illinois, by filing a lawsuit captioned *Sonia Lopez-McNear v. Superior Health Linens, LLC,* Case No. 2019-CH-002668 (the "State Court Action").

1

2. Plaintiff's Class Action Complaint ("Complaint") in the State Court Action alleges that Superior violated the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS § 14/1, *et seq.*, by implementing and maintaining a timekeeping system that collected, stored and used its Illinois employees' biometric data without (1) informing its employees in writing of the specific purpose and length of time their biometric data were to be collected, stored, and used, (2) providing a publicly available retention schedule and guidelines for permanently destroying its employees' biometric data, and (3) obtaining written consent from its employees to collect, capture, or otherwise obtain their biometric data. (*See* Exhibit A hereto, Complaint, at ¶¶ 5, 48-52) The alleged biometric data at issue in this case are scans of handprints used by Superior's employees to clock in and out of work each day. (*Id.* at ¶¶ 2, 22-23, 29-30)

3. Plaintiff alleges that her biometric data was improperly used twice each day she worked at Superior: "Each time Plaintiff began and ended her workday, SHL required her to scan her hand." (*See,* Exhibit A at ¶ 30) For herself and each member of the putative class, Plaintiff seeks "statutory damages of $5,000 for *each* willful and/or reckless violation of BIPA . . . or, in the alternative, statutory damages of $1,000 for *each* negligent violation of BIPA. (*Id.* at p. 12, Prayer For Relief C, emphasis in original) By using and emphasizing the word "each," Plaintiff is alleging that she and each member of the putative class are entitled to recover multiple statutory penalties, apparently based on the number of days they worked at Superior.[1] Plaintiff also seeks unspecified injunctive relief, as well as attorneys' fees (which are recoverable by the prevailing party under BIPA).

---

[1] Superior denies that it violated BIPA in any respect, and further denies that, if successful in this suit, Plaintiff and putative class members could each recover multiple statutory penalties.

4. Both in her Complaint and a Motion for Class Certification already filed in the State Court Action (attached hereto as Exhibit B), Plaintiff proposes certification of the following class:

> All residents of the State of Illinois who had their biometrics, including their scans of hand, collected, captured, received, otherwise obtained, or disclosed by Superior Health Linens while residing in Illinois.

(*See,* Exhibit A at ¶ 36, Exhibit B at p. 5) No time restriction is included in this class definition, and the BIPA statute does not contain a statute of limitations provision. However, Plaintiff's counsel in another BIPA action (s*ee, Patel. v. Facebook, Inc.*, Case No. 3:15-cv-3747 (U.S. Dist. Ct. N. D. Cal.), Docket Entry 254-3, at p. 5) has taken the position that a five year statute of limitations applies under BIPA, which if accepted here would result in a proposed class involving all current and former Superior employees whose biometric data was collected or used at any time on or after February 28, 2014.[2]

## II.    SUPERIOR'S REMOVAL IS TIMELY

5. Plaintiff's Complaint was served upon Superior on March 11, 2019. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is filed within 30 days after service of the Complaint on Superior and is, therefore, timely.

## III.   BASES FOR REMOVAL

6. As set forth below, removal is proper here, both under the Class Action Fairness Act (28 U.S.C. §1332(d), "CAFA") and because diversity jurisdiction is present as to Plaintiff's individual claim under 28 U.S.C. §1332(a). Litigation of this action in federal court is further warranted as Plaintiff's class claim implicates federal preemption issues, as the putative class

---

[2] Superior does not agree that BIPA has a five year statute of limitations, and instead contends that the two year Illinois limitation period for actions involving a "statutory penalty" (735 ILCS 5/13-202) is applicable here. But for purposes of the amount in controversy requirements of this removal notice only, and without waiver of its right to assert the applicability of the two year limitations in future proceedings in this case, Superior assumes that Plaintiff is seeking to certify a class dating back to February 28, 2014.

includes numerous union members who must arbitrate their claims against Superior pursuant to collective bargaining agreements governed by Section 301 the Labor Management Relations Act.

      **A.     REMOVAL IS PROPER PURSUANT TO CAFA**

    7.     Pursuant to 28 U.S.C. §1332(d), removal is proper under CAFA because United States District Courts have original jurisdiction over any class action: (i) involving a plaintiff class of 100 or more members; (ii) where at least one member of the plaintiff class is a citizen of a state different from any defendant; and (iii) in which the matter in controversy exceeds the sum or value of $5 million, inclusive of interest and costs. (28 U.S.C. §1332(d))  Here, all three of these CAFA prerequisites are satisfied.

    8.     First, this class action involves a proposed class of more than 100 members.  In the five years preceding the filing of Plaintiff's Complaint, over 1,800 past and present Illinois-based employees of Superior used Superior's timekeeping system under conditions that Plaintiff alleges violated BIPA.  (*See,* Declaration of Kelly Shouse, attached hereto as Exhibit C, at ¶ 3)

    9.     Second, Plaintiff is a citizen of a different state than Superior.  Plaintiff alleges that she is a citizen of the State of Illinois. (*See,* Complaint, Exhibit A, at ¶ 7)  Superior is not a citizen of the State of Illinois.  Superior is a limited liability company organized and existing under the laws of the State of Wisconsin, with its principal place of business in Cudahy, Wisconsin. (*See,* Shouse Declaration, Exhibit C, at ¶ 7). The sole member of Superior is Shelbyville Laundry, Inc., a Kentucky corporation with its principal place of business in Shelbyville, Kentucky. (*Id.* at ¶ 8)  Accordingly, Superior is a citizen of the states of Wisconsin and Kentucky.

    10.    Finally, the matter in controversy in this case exceeds $5 million, exclusive of interest and costs.  Plaintiff herein seeks multiple $5,000 statutory penalties for each putative

class member. As noted above, there are more than 1,800 past and present Illinois-based Superior employees who used the Superior timekeeping system at issue in this case in the five years prior to the filing of this case. Even if Plaintiff was only seeking a single $5,000 statutory penalty for each putative class member, the amount in controversy would be over $9 million (1,800 x $5,000 = $9 million), well more than is required to support removal under CAFA.

### B. REMOVAL IS PROPER UNDER 28 U.S.C. §1332(a)

11. Alternatively, removal is proper here on traditional diversity of citizenship grounds with respect to Plaintiff's individual claim.

12. This Court has original jurisdiction of this action pursuant to 28 U.S.C. §1332, and the action is removable pursuant to 28 U.S.C. §1441, because (1) the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs; and (2) there is complete diversity of citizenship between Plaintiff and Superior.

13. As noted above, there is complete diversity of citizenship between Plaintiff and Superior. Plaintiff is a citizen of Illinois, and Superior is a citizen of the states of Wisconsin and Kentucky. (*See,* Shouse Declaration, Exhibit C, at ¶¶ 7-8)[3]

14. The amount in controversy of Plaintiff's individual claim exceeds $75,000. While Plaintiff's Complaint does not specify an amount for her alleged damages, Plaintiff appears, as noted above, to be claiming multiple BIPA violations based upon each time she clocked in and out of work. Under Plaintiff's damages theory, it would only take sixteen (16) occasions of clocking in or out (for "willful" BIPA at $5,000 per violation) or seventy-six (76)

---

[3] Plaintiff has also named Automatic Data Processing, Inc. ("ADP") as a "respondent in discovery" pursuant to 735 ILCS 5/2-402. "A respondent in discovery, however, is not a party to a lawsuit." *Allen v. Thorek Hospital*, 656 N.E.2d 227, 233 (Ill. App. Ct, 1st Dist. 1995). ADP is not a defendant, or even a party, and thus its citizenship is not relevant under 28 U.S.C. §1332(a). *See, Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1485, fn. 3 (7th Cir. 1996) (where the court did not consider the Illinois citizenship of a respondent in discovery for purposes of determining diversity jurisdiction).

occasions (for "negligent" BIPA violations at $1,000 per violation) for her damages to exceed $75,000, the diversity prerequisite. Here, Superior's records reflect that Plaintiff clocked in and out of work approximately 428 times during her employment with Superior. (*See*, Shouse Declaration, Exhibit C, at ¶ 5) Accordingly, the amount in controversy on Plaintiff's claim exceeds $75,000, inclusive of interest and costs, without even taking into account that Plaintiff seeks unspecified injunctive relief (which likely would impose compliance costs on Superior) as well as attorneys' fees (which are recoverable per the BIPA statute).

      **C.**      **PLAINTIFF'S CLASS CLAIM IMPLICATES FEDERAL PREEMPTION ISSUES**

15. Plaintiff was employed at Superior's Joliet, Illinois facility, where a majority of Superior's employees are members of Chicago and Midwest Regional Joint Board, an affiliate of Workers United SEIU (the "Union"). (*See,* Shouse Declaration, Exhibit C, at ¶ 9)

16. Within the past five years, Superior and the Union have entered into collective bargaining agreements which govern terms and conditions of the Union members' employment at Superior's Joliet facility. (*See,* Shouse Declaration, Exhibit C, at ¶ 10) In these collective bargaining agreements, the Union agreed to arbitration of employment-related "grievances and disputes" with Superior. (*Id.*)

17. Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, provides for federal subject matter jurisdiction – and federal preemption – over claims "substantially dependent on analysis of a collective bargaining agreement." *See, Caterpillar, Inc. v. Williams,* 482 U.S. 386, 394 (1987). "If the resolution of a state law claim depends on the meaning of, or requires interpretation of, a collective bargaining agreement, the application of state law is preempted and federal labor law principles must be employed to resolve the dispute." *Atchley v. Heritage Cable Vision Assocs.,* 101 F.3d 495, 499 (7th Cir. 1996). Recently, Judge

6

Aspen held that BIPA claims brought against Southwest Airlines on behalf of union employees were preempted by the Railway Labor Act, which is analogous in key respects to the LMRA. *See, Miller v. Southwest Airlines Co.,* 2018 WL 4030590 at ** 4-6 (N.D. Ill. Aug. 23, 2018). In *Miller,* the Court held that arbitration was required on plaintiffs' class action BIPA claims, even though BIPA and biometric timekeeping systems were not expressly referenced in the collective bargaining agreement at issue. (*Id.*)

18. Here, a significant percentage of the putative class are Union members and subject to collective bargaining agreements with Superior which require arbitration. This fact raises federal preemption issues that, in addition to the bases for removal specified above, warrant litigation of this case in federal court. Superior intends to raise these preemption issues at an appropriate procedural juncture in this case, under Rule 12 and/or in class certification proceedings.

**IV. VENUE AND NOTICE**

19. The United States District Court for the Northern District of Illinois, Eastern Division is the appropriate venue for removal of the State Court Action pursuant to 28 U.S.C. §1441, which permits any civil action brought in any state court in which the District Courts of the United States have original jurisdiction to be removed to the District Court of the United States for the district and division embracing the place where the state court action is pending. The State Court Action was filed in Cook County, Illinois and Plaintiff worked at Superior's facility in Joliet, Illinois, both of which are within this Judicial District.

20. Pursuant to 28 U.S.C. §1446(a), the Complaint and Plaintiff's Motion For Class Certification, which constitute all "process, pleadings, and orders" served to date on Superior, are attached hereto as Exhibits A and B.

7

21. Pursuant to 28 U.S.C. §1446(d), written notice of this Notice of Removal is being promptly sent to Plaintiff's counsel (by email and U.S. Mail), and promptly filed with the Clerk of the Court for the Circuit Court of Cook County, Illinois.

22. Superior submits this Notice of Removal without waiving any defenses to the claim asserted by Plaintiff, without conceding liability, fault, damages or that Plaintiff has pleaded a claim upon which relief can be granted, and expressly preserving all positions on liability, damages, statute of limitations, and other legal issues, including that class certification is not appropriate.

WHEREFORE, Defendant Superior Health Linens, LLC hereby removes Case Number 2019 CH 2668 now pending in the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois.

Dated: April 9, 2019                                SUPERIOR HEALTH LINENS, LLC

                                                    By: /s/ Michael D. Hayes
                                                        One of Defendant's Attorneys

                                                    Michael D. Hayes
                                                    Anne M. Mayette
                                                    HUSCH BLACKWELL LLP
                                                    120 South Riverside Plaza, Suite 2200
                                                    Chicago, IL  60606
                                                    Phone: (312) 655-1500
                                                    michael.hayes@huschblackwell.com
                                                    anne.mayette@huschblackwell.com

                                                    *Attorneys for Defendant Superior Health Linens, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of April, 2019, the foregoing **Notice of Removal** was sent via electronic mail and mailed by first-class U.S. Mail, postage prepaid, to the following attorneys representing the Plaintiff in the State Court Action:

Benjamin H. Richman
brichman@edelson.com
J. Eli Wade-Scott
ewadescott@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370

David Fish
dfish@fishlawfirm.com
John Kunze
jkunze@fishlawfirm.com
THE FISH LAW FIRM, P.C.
200 East Fifth Avenue, Suite 123
Naperville, Illinois 60563
Tel: 630.355.7590

/s/ Michael D. Hayes