IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SONIA LOPEZ-MCNEAR, individually and on behalf of the Settlement Class, *Plaintiff*, v. SUPERIOR HEALTH LINENS, LLC, a Wisconsin limited liability company, *Defendant*. | Case No.: 19-cv-2390 Hon. Rebecca R. Pallmeyer |

**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

This matter coming before the Court on Plaintiff's Motion for and Memorandum in Support of Final Approval of Class Action Settlement between Plaintiff Sonia Lopez-McNear ("Plaintiff") and Defendant Superior Health Linens, LLC, ("Defendant") (Plaintiff and Defendant are collectively referred to as the "Parties"), the terms of which are set forth in the Class Action Settlement Agreement (the "Settlement Agreement"), and Plaintiff's Motion and Memorandum of Law for Attorneys' Fees, Expenses, and Incentive Award, the Court having been advised in the premises, and having duly considered the papers and arguments of all interested parties, and having held a Final Approval Hearing on April 27, 2021,

IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

1.      Unless defined herein, all capitalized terms in this Order shall have the respective meanings ascribed to the same terms in the Settlement Agreement.

2.      This Court has subject-matter jurisdiction over the Action to approve the Settlement Agreement, including all attached exhibits, and personal jurisdiction over all Parties to the Action, including all Settlement Class Members.

3. On January 12, 2021, this Court preliminarily approved the Settlement Agreement, and certified, for settlement purposes, the Settlement Class consisting of: "[a]ll current and former employees (including temporary employees provided by staffing services) of Superior Health Linens, LLC, who used a hand scanning timeclock at a facility owned or operated by Superior Health Linens, LLC in the State of Illinois between February 28, 2014 and January 12, 2021."[1] (Dkt. 60.)

4. Notice to the Settlement Class has been provided in accordance with the Court's Preliminary Approval order, and the substance of and dissemination program for the Notice—which included direct notice via e-mail or U.S. Mail and the creation of the Settlement Website—provided the best practicable notice under the circumstances; was reasonably calculated to apprise the Settlement Class of the pendency of the Action and their rights to object to or exclude themselves from the Settlement Agreement and to appear at the Final Approval Hearing; was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and fulfilled the requirements of Federal Rule of Civil Procedure 23 and due process.

5. The Court finds that the appropriate government officials were properly and timely notified of the Settlement Agreement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed the substance of this notice and finds that

---

[1] Excluded from the Settlement Class are (a) persons who were or are in the bargaining units of any union, including the Chicago and Midwest Regional Joint Board, Workers United an SEIU affiliate, while working at Superior Health Linens, LLC; (b) persons who executed a settlement agreement and release with Superior Health Linens, LLC releasing and/or waiving their BIPA claims; (c) any Judge or Magistrate presiding over this action and members of their families; (d) Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest; (e) persons who properly execute and file a timely request for exclusion from the Settlement Class; and (f) the legal representatives, successors, heirs or assignees of any such excluded persons.

it complied with all applicable requirements of CAFA. *See* dkt. 66. As required by CAFA, more than ninety (90) days have elapsed between the date since notice was provided pursuant to CAFA and the Final Approval Hearing.

6. The Settlement Agreement was the result of arm's-length negotiations conducted in good faith by experienced attorneys familiar with the legal and factual issues of this case and is supported by the Class Representative and Class Counsel. The Class Representative and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement.

7. The Court has considered each of the factors set forth in Federal Rule of Civil Procedure 23(e)(2), as well as the settlement approval factors set forth by the Seventh Circuit. *See Wong v. Accretive Health, Inc.*, 773 F.3d 859, 863 (7th Cir. 2014). The Court finds that the Settlement Agreement is fair, reasonable, and adequate as to, and in the best interests of, the Settlement Class Members in light of the complexity, expense, and duration of the litigation and the risks involved in establishing liability and damages and in maintaining the class action through trial and appeal. The consideration provided under the Settlement Agreement constitutes fair value given in exchange for the Released Claims. The Court finds that the consideration to be paid to Settlement Class Members is reasonable, considering the facts and circumstances of the claims and defenses available in the Action and the potential risks and likelihood of success of alternatively pursuing litigation on the merits.

8. No Settlement Class Member has objected to any of the terms of the Settlement Agreement, and no members of the Settlement Class have submitted timely requests for exclusion.

9. The Settlement Agreement is hereby finally approved in all respects. The Parties and their counsel are directed to implement and consummate the Settlement Agreement according to its terms and conditions. The Parties and Settlement Class Members are bound by the terms and conditions of the Settlement Agreement.

10. Other than as provided in the Settlement Agreement and this Order, the Parties shall bear their own costs and attorneys' fees.

11. Subject to the terms and conditions of the Settlement Agreement, this Court hereby enters a Final Judgment and dismisses the Action on the merits and with prejudice.

12. Upon the Effective Date of the Settlement Agreement, Plaintiff and Settlement Class Members and their respective present or past heirs, executors, estates, administrators, assigns and agents, and each of them, shall be deemed to have released, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished and discharged any and all past and present claims or causes of action, whether known or unknown (including "Unknown Claims" as defined in the Settlement Agreement), arising from or related to Plaintiff's allegations in the Action regarding Defendant's collection and possession of biometric data through the use of hand scanning timeclocks at Defendant's facilities located in the State of Illinois, including any violation of the Biometric Information Privacy Act, against Superior Health Linens, LLC and all of its present or former administrators, predecessors, successors, assigns, parents, subsidiaries, holding companies, investors, sister and affiliated companies, divisions, associates, affiliated and related entities, employers, employees, agents, representatives, consultants, independent contractors, directors, managing directors, officers, partners, principals, members, attorneys, vendors, accountants, fiduciaries, financial and other advisors, investment bankers, insurers, reinsurers, employee benefit plans, underwriters,

shareholders, lenders, auditors, investment advisors, and any and all present and former companies, firms, trusts, corporations, officers and directors.

13. All Settlement Class Members are hereby permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any lawsuit or other action in any jurisdiction based on the Released Claims.

14. The Parties may, without further approval from the Court, agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits) that (i) shall be consistent in all material respects with this Final Judgment; and (ii) do not limit the rights of Settlement Class Members.

15. The Court awards to Class Counsel $ 265,717.22 as a fair and reasonable attorneys' fee, which shall include all attorneys' fees and reimbursable expenses associated with the Action. This amount shall be paid from the Escrow Account pursuant to the terms in the Settlement Agreement.

16. The Court awards to the Class Representative an incentive award of $5,000.00 for her time and effort serving the Settlement Class in this Action. This amount shall be paid from the Escrow Account pursuant to the terms in the Settlement Agreement.

17. To the extent that any payments made to Settlement Class Members pursuant to the Settlement Agreement are not cashed within ninety (90) days of issuance, the total amount of uncashed checks shall be paid to the Electronic Privacy Information Center and Legal Aid Chicago, earmarked to support the Workers' Rights Practice Group, in equal amounts (*i.e.,* 50% each), as *cy pres* recipients.

18. Without affecting the finality of this Final Judgment for purposes of appeal, the Court retains jurisdiction as to all matters related to the administration, consummation,

enforcement, and interpretation of the Settlement Agreement and this Final Judgment, and for any other necessary purpose.

    **IT IS SO ORDERED**.

ENTERED: April 27, 2021

                                          HON. REBECCA R. PALLMEYER
                                          UNITED STATES DISTRICT JUDGE